## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN RIDENOUR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEVADA BELL TELEPHONE CO.<br>DBA AT&T NEVADA<br><br>　　　　Defendant. | Case No.: 3:22-cv-00004-MMD-CSD<br><br>**PROTECTIVE ORDER** |

　　　　Defendant Nevada Bell Telephone Co. d/b/a AT&T Nevada represents that it may be necessary to disclose sensitive, confidential, non-privileged information during the course of discovery. Defendant argues that certain categories of information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. Therefore, Defendant has requested entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

　　　　Defendant asserts that protection of the identified categories of confidential information is necessary because the claims and defenses in this action involve, among other things, 1) confidential and proprietary employment records with personal information; 2) confidential and proprietary investigation notes, materials, and communications; 3) identifying information and other personal information relating to non-parties, including Defendant's customers; and 4) confidential and proprietary internal policy and procedure documentation which should not be disclosed generally to the public or otherwise disseminated outside the procedures contained herein and, instead, be protected to avoid potential embarrassment, annoyance, oppression, or competitive disadvantage, among other things.

　　　　For good cause shown under FED. R. CIV. P. 26(c), the Court **GRANTS** Defendant's request and hereby enters the following Protective Order:

1. **Scope.** All documents (as that term is defined and provided in FED. R. CIV. P. 34(a), including ESI and other data compilations) and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom ("Documents"), are subject to this Order concerning Confidential Information as set forth below.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information the producing Party designates in good faith was previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by common law or statutory privacy and/or confidentiality interests, or could potentially cause harm to the interests of disclosing Party or nonparties. For purposes of this Order, "Confidential Information" shall be information, documents, electronically-stored information, and/or other materials that are confidential that include, but are not limited to: (a) personal and/or private communications to/from non-parties; (b) personnel records of current or former employees of any Party; (c) any non-public personal information and communications, including but not limited to credit or debit numbers, social security numbers, drivers' license numbers, and bank or financial account information or password information for any person; (d) communications or other personal identifying information of customers, vendors, or other disinterested parties; (e) trade secret information, commercial information, financial information, or internal policy documentation/records that is either privileged or confidential, and the public disclosure of which would put any Party at a potential competitive disadvantage; (f) any other material qualifying for protection under Federal Rule of Civil Procedure 26(c).

3. **Form and Timing of Designation.** The producing Party may designate Documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" on the document and on all copies in a manner not to interfere with the legibility of the Documents. As used in this Order, "copies" include electronic images, duplicates, extracts, summaries or descriptions containing Confidential Information. The marking will be applied prior to or at the time Documents are produced or

disclosed. Applying the marking to Documents does not mean the Documents has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies made of any CONFIDENTIAL-designated Documents must also bear the CONFIDENTIAL marking, except indices, electronic databases, or lists of documents not containing substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of Confidential Information are not required to be marked. By marking a Document as CONFIDENTIAL, the designating attorney or Party thereby certifies the Document contains Confidential Information as defined in this Order.

**4.  Inadvertent Failure to Designate.** Inadvertent failure to designate any Document as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within thirty (30) days after discovery of the inadvertent failure.

**5.  Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of notice by the court reporter of the completion of the deposition transcript and upon prompt written notice of the designation to all counsel of record. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6.  Protection of Confidential Material.**

  **(a)  General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

  **(b)  Who May View Designated Confidential Information.** Except with the prior written consent of the designating Party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

    (1) The Parties, including any employees, agents, and representatives of the Parties;
    (2) The Parties' counsel and their employees and agents;
    (3) The Court and its personnel, including any special master appointed by the court, and members of the jury;

3

|   |     |                                                                                     |
|---|-----|-------------------------------------------------------------------------------------|
|   | (4) | Court reporters, recorders, and videographers engaged for depositions;              |
|   | (5) | Any mediator appointed by the court or jointly selected by the Parties;             |
|   | (6) | Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in **Attachment A**, Acknowledgment and Agreement to be Bound; |
|   | (7) | Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in **Attachment A**; |
|   | (8) | The author or recipient of the Document (not including a person who received the document in the course of the litigation); and |
|   | (9) | Other persons only upon consent of the producing Party and on such conditions as the Parties may agree. |

Copies of the executed acknowledgements described in Paragraph 6(b)(6-7) shall be retained by the Parties and subject to in-camera review by the Court should the Court determine that there is good cause for in-camera review.

**(c)** **Control of Documents.** The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. The Parties' counsel must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7.** **Filing of Confidential Information.** In the event a Party seeks to file any document containing Confidential Information subject to protection under this Order with the

4

court, the Party must take appropriate action to insure the Document receives proper protection from public disclosure including: (a) filing a redacted Document with the consent of the Party who designated the Document as confidential; (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the Document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the Document under seal, filing a motion for leave to file under seal if necessary.

8. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any Party. Before filing any motion or objection to a confidential designation, the objecting Party must meet and confer in good faith to resolve the objection informally without judicial intervention. A Party electing to challenge a confidentiality designation may file and serve a motion identifying the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a CONFIDENTIAL designation remains with the asserting Party. Until the court rules on the challenge, all Parties must continue to treat the materials as Confidential Information under this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A Party intending to present, or anticipating another Party may present, Confidential Information at a hearing or trial must bring the issue to the attention of the Court and the other Parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such Documents at hearing or trial.

10. **Obligations on Conclusion of Litigation.**

    (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    (b) **Return of Confidential Documents.** Within sixty (60) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents and copies designated as containing Confidential Information must be returned to the

Party who previously produced the Document unless: (1) the Document was offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the Document to the extent practicable in lieu of return; or (3) a Party elects to destroy Documents bearing notations, summations, or other mental impressions of the receiving Party and certifies it destroyed such Documents. Notwithstanding the foregoing sentence in this paragraph 10(b), the Parties' counsel may retain an electronic version of all Documents pursuant to their document retention policies, including those required by their professional liability policies for a period of three years after the conclusion of this litigation. Counsel shall thereafter certify destruction thereof in accordance with this Agreement.

      **(c)**       **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as the relevant work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided its use does not disclose Confidential Information.

      **11.**       **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any Party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

      **12.**       **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under FED. R. CIV. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**13.     Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**14.     Jurisdiction.**  The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.  A Party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**15.     Applicability to Parties Later Joined.**  If additional persons or entities become Parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**16.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving Party is served with a subpoena or an order issued in other litigation compelling disclosure of any material or document designated in this action as Confidential Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other action causing the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating Party bears the burden and the expense of seeking protection of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Confidential Information designated by the other Party to this case.

17. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents considered Confidential Information under the Protective Order, will not be deemed to waive a Party's claim to its privileged or protected nature or estop that Party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any Party receiving any such information or document must return it upon request to the producing Party. Upon receiving such a request as to specific information or documents, the receiving Party must return the information or documents to the producing Party, regardless of whether the receiving Party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other Party prior to such later designation will not be deemed a violation of the provisions of this Order.

SO ORDERED.

DATED: October 16, 2023.

BY THE COURT:

_____
United States Magistrate Judge

## ATTACHMENT A

The undersigned has read the foregoing Stipulated Protective Order, understands its contents, and agrees not to disclose any information or documentation marked CONFIDENTIAL, as that term is defined in the Stipulated Protective Order, to any person who is not permitted to have access to such Confidential Material pursuant to the terms of the Stipulated Protective Order. In addition, the undersigned agrees not to use such Confidential Material for any purpose whatsoever other than in connection with this action. The undersigned agrees to return all Confidential Material supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcripts made therefrom, to the party producing the Confidential Material, within sixty (60) days of the conclusion of this action.

_____

[NAME]